United States District Court
Middle District of Florida
Jacksonville Division

**TIMOTHY RILEY,**

***Plaintiff,***

**v.** **NO. 3:26-cv-1465-WWB-PDB**

**NERISSA TOLIVER ET AL.,**

***Defendants.***

---

## Order

The plaintiff sues his children's mother; the Mayor of Jacksonville, Florida; the Clerk of Court for the Circuit Court for Duval County, Florida; and the Chief of Staff of the Florida Department of Children and Families. Doc. 1. This order addresses the pleading, pending motions, and required disclosure statements.

### 1.

A complaint that states a claim for relief must contain three things: (1) "a **short and plain** statement of the grounds for the court's jurisdiction," (2) "a **short and plain** statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a) (emphasis added).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court may not exercise appellate jurisdiction over a state-court judgment. *Lance v. Dennis*,

546 U.S. 459, 463 (2006). Thus, a party who lost in state court cannot obtain a federal district court's review of the state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

To decide if a plaintiff shows he is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and **only the factual allegations**—state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An example of an alleged fact is, "The light was red." An example of a legal conclusion is, "The driver was negligent."

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

Each factual allegation must be "**simple, concise, and direct**." Fed. R. Civ. P. 8(d)(1) (emphasis added). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). In responding to a complaint, a defendant must admit or deny each allegation. Fed. R. Civ. P. 8(b)(1)(B). Using numbered paragraphs and a single set of circumstances in each paragraph permits a defendant to reference the paragraph number of the allegation when admitting or denying the allegation.

A complaint that violates the pleading rules is a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Generally speaking, four types of shotgun pleadings exist: (1) a pleading in which a count adopts the allegations of a previous count; (2) a pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular" claim for relief; (3) a pleading that fails to separate claims for relief into different counts; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission or which claim is brought against which defendant. *Id.* at 1321–23.

A shotgun pleading "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. In this way, "shotgun pleadings unnecessarily tax the time and resources" of courts, *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014), and are "roundly, repeatedly, and consistently" condemned, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014) (quoting *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008)). Litigants without lawyers are given more leeway in drafting pleadings than litigants with lawyers, but still must follow the procedural rules, including the rules against shotgun pleadings. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1208 (11th Cir. 2019). A court has inherent authority to dismiss a pleading on shotgun-pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *accord Rogers v. FRG LLC*, No. 24-12312, 2025 WL 2505468, at *2 (11th Cir. Sept. 2, 2025) (applying *Vibe Micro* in the context of a lawsuit by a litigant without a lawyer).

"In alleging fraud or mistake, a party **must state with particularity** the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

Under Local Rule 1.08(a) and (b), "each pleading, motion, or other paper, excluding an exhibit, an attachment, a transcript, an image, or other addendum, must conform to [typography] requirements." The rule ensures readability and equal content within page limits. The Local Rules are available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules-effective-november-01-2025.pdf.

The district judge's standing order entered on January 13, 2021, supplements Local Rule 1.08 by requiring at least 12-point Arial typeface. The district judge's standing order entered on April 2, 2026, requires, at the end of any paper (including a complaint), a certificate about the use of generative artificial intelligence (AI), certifying (i) that no generative AI was used in the drafting and preparation of the paper or (ii) to the extent that generative AI was used in drafting the paper, that any language drafted by AI—even if later edited by a human—was personally reviewed by the filer or another human for accuracy and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority. The orders are available on the "standing orders" section of the district judge's page on the court's website, www.flmd.uscourts.gov/judges/wendy-berger.

The plaintiff's complaint—comprising at least 9 claims for relief, 62 pages, 265 paragraphs, and 64 additional pages of exhibits, *see* Docs. 1 to 1-4—is not "short and plain" as the pleading rule envisions, *see* Fed. R. Civ. P. 8(a)(2). Some allegations are unclear. *See, e.g.*, Doc. 1 ¶ 18 ("Any and all officers

admit being in the wrong division address Juvenile issues, any and all officers denied mental dependent children mandatory guardian ad litem in representation judicial proceeding, and never receive representation, Any and all officers of the court and for certainty Department of Children and was arranging and paying for medical services, psychiatric medications, and[.]"); Doc. 1 ¶ 223 ("Any and all actions and inactions of the defendants and their coconspirators egregious count toward the court and officers on the court is so deployable brought in other government agencies in their calculated orchestrated plan."). And the complaint violates Local Rule 1.08 and the district judge's standing orders.

Moreover, the plaintiff's complaint is a shotgun pleading. For each claim, he improperly realleges all previous paragraphs (the first type of shotgun pleading). *See* Doc. 1 at 51, 53–57. And he asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act (the fourth type of shotgun pleading).

The court **strikes** the complaint, Doc. 1, as a shotgun pleading. By **September 1, 2026**, the plaintiff must file an amended complaint that complies with the pleading rules, this order, and the district judge's standing orders. In drafting the amended complaint, he is directed to consider the arguments in the motions to dismiss. *See* Docs. 12, 13. He must include a short and plain statement of each claim showing he is entitled to relief. He must limit or avoid legal conclusions and instead briefly and plainly explain what occurred, when it occurred, what each defendant did, and what he wants from this lawsuit. He must not lump the defendants together (i.e., "the defendants …") and instead must state facts about what each defendant did or

did not do that makes that particular defendant liable to the plaintiff. He must not reallege all previous paragraphs for each claim.

To the extent the plaintiff asks the court to review in an appellate capacity any state-court judgment, the court is without jurisdiction. *See* Doc. 1 ¶ 264 ("BASED ON THE ABOVE EVIDENCE, the Plaintiff request pleads That all Four 'Final Judgment of Injunction for Protection Against Repeat Violence (after Notice),' entered is hereby void, ab initio.'"); Docs. 1-3, 1-4 (exhibits appearing to be state-court records or relating to state-court judgments).

**If the plaintiff fails to timely comply with this order, the action may be dismissed, which would operate as a dismissal with prejudice if the statute of limitations has run on his claims.**

**2.**

Considering the striking of the plaintiff's complaint, *see* § 1., *supra*, the motions to dismiss, Docs. 12, 13, are **denied without prejudice as moot**.

**3.**

The plaintiff has filed an "affidavit to enter default/default judgment," in which he appears to move for entry of default or default judgment against Nerissa T'Oliver (the only defendant identified in the case caption, *see* Doc. 16 at 1) based on her failure to confer with him before answering the complaint:

> Plaintiff; Respectfully request the Clerk to Enter Default Judgment
>
> The Non-response: deem not answer sent to me on or about 6/29/2026
> nor wa an

> Certification of Compliance with Local Rule 3.01(g)
>
> The Defendant fails to personally conferred with Plaintiff via email and telephone, and Plaintiff seek to the relief of Enter Default Judgment

Doc. 16 at 2.

The motion, Doc. 16, is **denied**. The motion violates Local Rule 1.08 (stating typography requirements), as supplemented by the district judge's January 13, 2021, standing order (requiring papers to be in at least 12-point Arial typeface); Local Rule 3.01(g) (requiring a movant to confer with the opposing party in a good faith effort to resolve most civil motions); and the district judge's April 2, 2026, standing order (requiring all filings to include a certificate about the use of generative artificial intelligence). Moreover, he has failed to show entitlement to entry of default because T'Oliver served a response to the complaint. *See* Doc. 13. To the extent that he argues the motion should be denied for her failure to comply with Local Rule 3.01(g), the argument is for naught because the motion is denied as moot.

**4.**

By **September 1, 2026**, each party must file a disclosure statement as required by Local Rule 3.03. The required form is in the "forms" section of the court's website, www.flmd.uscourts.gov/forms/all.

**Ordered** in Jacksonville, Florida, on August 10, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

c: Timothy Riley

7749 Normandy Blvd. Ste. 121 627
Jacksonville, FL 32221