United States District Court
Middle District of Florida
Jacksonville Division

**TIMOTHY RILEY,**

***Plaintiff,***

**v.** **NO. 3:26-cv-1465-WWB-PDB**

**NERISSA TOLIVER ET AL.,**

***Defendants.***

---

## Order

The plaintiff sues his children's mother and the Chief of Staff of the Florida Department of Children and Families. Doc. 23. The court struck the original complaint as a shotgun pleading and directed the plaintiff to file an amended complaint. Doc. 21.

The plaintiff timely filed an amended complaint. Doc. 23. Although more concise than the original, the amended complaint remains deficient. Many allegations are unclear, with case numbers, legal citations, and addresses appearing in the middle of sentences. *See, e.g.*, Doc. 23 at 10 ("Furthermore, Attorney Ray Hill discharged on March 13, 2009 On or about Department of Children Families being in possession mental medical records From Doctor February 2008 through May 11 2011 6316 San Juan Ave Ap #41, Jacksonville, FL 32210 Veneracian Yumul Psycholist between other twins girl were on 5 types psychotic medication. U.S.C. § 1983 Claims and Fraudulent Concealment, 42 U.S.C. § 1983 – State Created Danger/Failure to Protect.").

The amended complaint violates the district judge's standing order entered on January 13, 2021. And the amended complaint is a shotgun pleading for the same reasons as the original complaint—for each claim, the plaintiff improperly realleges all previous paragraphs, *see* Doc. 23 ¶¶ 86–87, 89, 92, and he asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act, *see* Doc. 23 at 17–21.

The court **strikes** the amended complaint, Doc. 23, as a shotgun pleading. The court will provide the plaintiff with a final opportunity to comply with the pleading rules.

By **September 21, 2026**, the plaintiff must file a second amended complaint that complies with the rules and directives described below. **If the plaintiff fails to timely comply with this order, the undersigned will recommend dismissal, which would operate as a dismissal with prejudice if the statute of limitations has run on his claims.**

The court's website (www.flmd.uscourts.gov) offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. A copy of the guide is also available at the clerk's office. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, the plaintiff may contact the clerk's office at (904) 549-1900 or visit the clerk's office check-in window located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202. A brochure with more information about the

program is available on the court's website (www.flmd.uscourts.gov/legal-information-program).

**1.**

A complaint that states a claim for relief must contain three things: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

**2.**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court may not exercise appellate jurisdiction over a state-court judgment. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Thus, a party who lost in state court cannot obtain a federal district court's review of the state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

**3.**

To decide if a plaintiff shows he is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and only the factual allegations—state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An example of an alleged fact is, "The light was red." An example of a legal conclusion is, "The driver was negligent."

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

**4.**

Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). In responding to a complaint, a defendant must admit or deny each allegation. Fed. R. Civ. P. 8(b)(1)(B). Using numbered paragraphs and a single set of circumstances in each paragraph permits a defendant to reference the paragraph number of the allegation when admitting or denying the allegation.

**5.**

A complaint that violates the pleading rules is a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Generally speaking, four types of shotgun pleadings exist: (1) a pleading in which a count adopts the allegations of a previous count; (2) a pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular" claim for relief; (3) a pleading that fails to separate claims for relief into different counts; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which

defendant is responsible for which act or omission or which claim is brought against which defendant. *Id.* at 1321–23.

A shotgun pleading "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. In this way, "shotgun pleadings unnecessarily tax the time and resources" of courts, *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014), and are "roundly, repeatedly, and consistently" condemned, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014) (quoting *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008)). Litigants without lawyers are given more leeway in drafting pleadings than litigants with lawyers, but still must follow the procedural rules, including the rules against shotgun pleadings. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1208 (11th Cir. 2019). A court has inherent authority to dismiss a pleading on shotgun-pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *accord Rogers v. FRG LLC*, No. 24-12312, 2025 WL 2505468, at *2 (11th Cir. Sept. 2, 2025) (applying *Vibe Micro* in the context of a lawsuit by a litigant without a lawyer).

**6.**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

**7.**

Under Local Rule 1.08(a) and (b), "each pleading, motion, or other paper, excluding an exhibit, an attachment, a transcript, an image, or other addendum, must conform to [typography] requirements." The rule ensures readability and equal content within page limits. The district judge's standing order entered on January 13, 2021, supplements the rule by requiring at least 12-point Arial typeface. The standing order is available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-berger-standing-order-on-revised-local-rules-6-21-mc-3-orl-78.pdf.

**8.**

In drafting the second amended complaint, the plaintiff must include a short and plain statement of each claim showing he is entitled to relief. He must limit or avoid legal conclusions and instead briefly and plainly explain what occurred, when it occurred, what each defendant did, and what he wants from this lawsuit. He must use numbered paragraphs for factual allegations, each limited to a single subject. He must not re-allege all previous paragraphs for each claim. He must not lump the defendants together (i.e., "the defendants …") and instead must state facts about what each defendant did or did not do that makes that particular defendant liable to the plaintiff. Each defendant must be able to read the second amended complaint and clearly understand the claims against them and the factual grounds upon which each claim rests.

The plaintiff must not bring claims over which the court lacks jurisdiction. To the extent the plaintiff asks the court to review in an appellate capacity any state-court judgment, the court is without jurisdiction. *See* Doc.

23 ¶ 96 ("BASED ON THE ABOVE EVIDENCE, the Plaintiff request pleads That one 'Final Judgment of Injunction for Protection Against Repeat Violence (After Notice),' entered is hereby void, ab initio.'").

**Ordered** in Jacksonville, Florida, on September 2, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

c: Timothy Riley
7749 Normandy Blvd. Ste. 121 627
Jacksonville, FL 32221